IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| AEROTEK, INC., | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| BEACON HILL STAFFING | : | |
| GROUP, LLC, | : | NO. 18-2645 |
| *Defendant*. | : | |

**MEMORANDUM**

PRATTER, J.  APRIL 1, 2019

Aerotek, Inc. claims that Beacon Hill Staffing Group, LLC tortiously interfered with its contract with a former employee, Christine Obercian, by hiring Ms. Obercian notwithstanding a non-compete restriction in the employment agreement between Aerotek and Ms. Obercian. Beacon Hill makes three arguments in its motion to dismiss: (1) that the case should be dismissed because Ms. Obercian—who, Beacon Hill claims, is a necessary and indispensable party under Fed. R. Civ. P. 19—cannot be joined in this action; (2) that Aerotek failed to state a claim for tortious interference with contract; and (3) that, in the alternative, the case should be stayed pending the resolution of Aerotek's separate breach of contract suit against Ms. Obercian now pending in the United States District Court for the District of Maryland.

The Court will not dismiss the case at this time because Ms. Obercian is not a necessary party and Aerotek sufficiently pleaded its tortious interference claim.  However, pursuant to Beacon Hill's unopposed request for a stay, the Court will stay this case pending resolution of the District of Maryland litigation because that case involves substantially similar issues and its resolution may narrow or eliminate the need to litigate those issues here.

1

## Factual Background

Aerotek is a Maryland corporation engaged in the business of recruiting and providing the services of temporary personnel to companies in the scientific and pharmaceutical industry. Aerotek hired Ms. Obercian in 2014 as an operations manager in its Wayne, Pennsylvania office. Ms. Obercian signed an employment agreement that included a non-compete provision ostensibly prohibiting her from working for a competitor within 50 miles of her Aerotek office for 18 months after her departure from Aerotek's employ.

Aerotek claims that Beacon Hill—one of Aerotek's direct competitors—induced Ms. Obercian to leave Aerotek. Allegedly, the Managing Director of Beacon Hill Pharma requested to see Ms. Obercian's employment agreement with Aerotek during Beacon Hill's pre-employment negotiations with her. In spite of the provisions in Ms. Obercian's employment agreement, Aerotek alleges that Beacon Hill offered Ms. Obercian a position with Beacon Hill in the southeastern Pennsylvania and New Jersey marketplace. In the offer letter, Beacon Hill allegedly agreed to pay legal expenses for Ms. Obercian if Aerotek filed suit against her for breach of the employment agreement. Ms. Obercian accepted Beacon Hill's offer and resigned from Aerotek in December 2016.

Ms. Obercian no longer works for either company.

In April 2017, Aerotek brought suit against Ms. Obercian in the United States District Court for the District of Maryland for breach of the employment agreement. *See Aerotek, Inc. v. Obercian*, Civ. No. 17-926 (D. Md.). Aerotek did not include Beacon Hill as a defendant in that case.

Thereafter, Aerotek filed this lawsuit against Beacon Hill, alleging that Beacon Hill tortiously interfered with Aerotek's employment agreement with Ms. Obercian. Beacon Hill filed a motion to dismiss, and the Court held oral argument.

## DISCUSSION

### I. Whether Ms. Obercian Is a Necessary Party Requiring Joinder Under Federal Rule of Civil Procedure 19

Beacon Hill first argues that Ms. Obercian is a necessary party who must be joined in this litigation under Federal Rule of Civil Procedure 19, and, because Ms. Obercian cannot be joined, the case must be dismissed under Rule 12(b)(7). The Court concludes that Ms. Obercian is not a necessary party and declines to dismiss the case on this basis.

#### A. *Legal Standard*

Rule 19 has two main subparts:

> **(a) Persons Required to Be Joined if Feasible**
>
> **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among the existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may **(i)** as a practical matter impair or impede the person's ability to protect the interest; or **(ii)** leave an existing party subject to a substantial risk of multiple, double, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 19(b), in turn, lays out the standard to be applied "[i]f a person who is required to be joined if feasible cannot be joined," i.e. whether "the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

3

The Supreme Court has explained that if an absent third party is not necessary under Rule 19(a), that is the end of the inquiry, and Rule 19(b) is inapplicable. *See Temple v. Synthes Corp.. Ltd.*, 498 U.S. 5, 8 (1990) (per curiam) ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.").

### B. *Ms. Obercian Is Not a Necessary Party*

Beacon Hill argues that Ms. Obercian is a necessary party for two reasons: because "she has an interest in the outcome of this litigation and disposing of this action in her absence may: [1] as a practical matter impair or impede her ability to protect the interest; or [2] leave [Beacon Hill] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[1]

1. *This Case Will Not Impair or Impede Ms. Obercian's Ability to Protect Her Interests in the District of Maryland Litigation*

Beacon Hill first argues Ms. Obercian is a necessary party because disposing of this action in Ms. Obercian's absence would impair or impede her ability to protect her interest in defending herself in the District of Maryland litigation. Specifically, Beacon Hill argues that Ms. Obercian faces a substantial risk of issue preclusion. She does not.

A party may be precluded from re-litigating an issue if:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

---

[1] Beacon Hill does not argue that Ms. Obercian's presence is necessary for there to be complete relief among the existing parties, nor could it credibly make such an argument.

4

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 n.12 (3d Cir. 1993) (citation omitted). Privity "applies for issue preclusion purposes only when a non-party controls or directs the previous litigation or when a party is sued in its capacity as a representative of the non-party." *Huber v. Taylor*, 532 F.3d 237, 251 (3d Cir. 2008) (citations omitted).

The limited record in this case supports neither basis for preclusion. Beacon Hill does not—and cannot—argue that Ms. Obercian is controlling or directing Beacon Hill's litigation strategy in this case or that Aerotek sued Beacon Hill in this case as a representative of Ms. Obercian. Therefore, no decision by this Court should preclude Ms. Obercian from defending herself in the Maryland case. And, in addition, as the Third Circuit Court of Appeals has explained, "where the preclusive effect of an action on any related litigation is speculative, joinder of an absent party is not compulsory" under Rule 19(a). *Id.* at 251 (citing *Janney*, 11 F.3d at 409)).

Without a meaningful risk of issue preclusion to be suffered by Ms. Obercian, Beacon Hill is left with the argument that a decision by this Court has the possibility of creating an unfavorable or inconvenient precedent for Ms. Obercian in the District of Maryland litigation. But, as this Court has previously explained, the Third Circuit Court of Appeals has foreclosed that argument. *Alpha Pro Tech, Inc. v. VWR Int'l LLC*, 984 F. Supp. 2d 425, 459 (E.D. Pa. 2013) ("[T]he speculative possibility that the Court's decision . . . will create precedent unfavorable to the absent party does not 'justify a holding that [the absent party] is a 'necessary party' under Rule 19(a)(1)(B)(i).") (quoting *Janney*, 11 F.3d at 407). Beacon Hill suggests this Court's *Alpha Pro Tech* ruling does not apply because that case involved only the possibility of a future lawsuit against the absent party, not an actual concurrent lawsuit against the absent party as is the case here. Nonetheless, the Third Circuit Court of Appeals has stated in no uncertain terms that "we do not believe *any possibility* of a 'persuasive precedent' requires joinder." *Janney*, 11 F.3d at

407 (emphasis added). And it did not limit this rule to cases involving only the potential for future litigation against an absent party.

2. *There Is No Risk of Double, Multiple, or Inconsistent Obligations*

Beacon Hill also argues that disposing of this action in Ms. Obercian's absence subjects it to a substantial risk of incurring double, multiple, or inconsistent obligations. It claims that Aerotek is seeking the same damages here as it is in the District of Maryland litigation. However, even if Aerotek is seeking the very same damages here, any amount Aerotek recovers in the District of Maryland litigation could and would likely be offset against its potential recovery here. *See Janney*, 11 F.3d at 406 n.7 ("[E]ven though the plaintiff has two judgments, he can only have one satisfaction.") (citation and quotations omitted). Therefore, there is no risk of double obligations.

Beacon Hill also claims that it is at risk of being held responsible for alleged conduct by Ms. Obercian that the Maryland court may determine did not occur; but it does not explain how that would lead to inconsistent obligations under Rule 19(a)(1)(B)(ii). That two courts might reach different conclusions does not, in itself, subject Beacon Hill to inconsistent obligations. *See Schulman v. J.P. Morgan Inv. Management*, 35 F.3d 799, 805 (3d Cir. 1994) ("The possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of *logic* [does not] trigger the application of Rule 19.") (citation and quotations omitted). Therefore, Ms. Obercian is not a necessary party.[2]

---

[2] Because Ms. Obercian is not a necessary party, there is no need to discuss whether Ms. Obercian is also an indispensable party under Rule 19(b). *See Temple*, 498 U.S. at 8.

## II. Whether Aerotek Sufficiently Pleaded its Tortious Interference Claim

Beacon Hill next argues that Aerotek's tortious interference claim should be dismissed pursuant to Rule 12(b)(6). Beacon Hill makes two arguments: (1) that the non-compete provision in Ms. Obercian's employment agreement is unenforceable; and (2) that Aerotek failed to state a claim for tortious interference because it did not allege that Beacon Hill intentionally and improperly caused Ms. Obercian to breach the employment agreement or that Aerotek is entitled to actual damages. At this time, the Court will not dismiss Aerotek's tortious interference claim on these grounds.

### A. *Legal Standard*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). Also, the Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted).

### B. *The Validity of the Non-Compete Provision Will Be Addressed at a Later Stage in the Proceeding*

Beacon Hill argues that Aerotek's tortious interference claim fails because the underlying non-compete provision in Ms. Obercian's employment agreement is unenforceable under Maryland law.[3] Beacon Hill's argument is premature. As the Third Circuit Court of Appeals

---

3  The employment agreement contains a Maryland choice of law provision. Neither party disputes that the validity of the non-compete provision is governed by Maryland law. Under Maryland law, for a restrictive covenant to be enforceable: (1) the employer must have a legally protected interest; (2) the restrictive covenant must be no wider in scope and duration than is

8

explained in *Victaulic Co. v. Tieman*, "[w]hether a covenant not to compete is unreasonable is a holistic inquiry." 499 F.3d 227, 238 (3d Cir. 2007). "It requires balancing the employer's need to protect its investment and disclosures against the employee's need to earn a living in his chosen field and the public interest, and then determining whether the covenant comes reasonably close to that balance." *Id.* (citation omitted). Thus, "[a]t the pleadings stage, a court rarely knows enough about the substance of this balancing act to make a judgment as to whether the covenant is reasonable." *Id.*; s*ee also Penn Warranty Corp. v. Edwards*, Civ. No. 17-1860, 2018 U.S. Dist. LEXIS 27049, at *18 (M.D. Pa. Feb. 20, 2018) (declining to rule on the enforceability of a non-compete provision at the motion to dismiss stage); *SFK USA, Inc. v. Okkerse*, 992 F. Supp. 2d 432, 451 (E.D. Pa. Jan. 15, 2014) (same).[4] Therefore, the Court will not rule on the validity of the non-compete provision at this time. Beacon Hill is free to renew this argument at a later stage in the proceeding.

### C. *Aerotek's Pleadings Are Sufficient*

Beacon Hill next argues that Aerotek failed to state a claim for tortious interference with contract because it did not allege that Beacon Hill intentionally and improperly caused Ms. Obercian to breach the employment agreement or that Aerotek is entitled to actual damages.

To plead a claim for tortious interference with contract under Pennsylvania law, a plaintiff must allege: (1) that a contractual relationship existed between the plaintiff and another party; (2)

---

reasonably necessary to protect the employer's interest; (3) the covenant cannot impose an undue hardship on the employee; and (4) the covenant cannot violate public policy. *Deutsche Post Global Mail, Ltd. v. Contrad*, 116 F. App'x 435, 438 (4th Cir. 2004) (citations omitted).

[4] Federal courts enforcing specifically Maryland law have similarly deferred ruling on the enforceability of restrictive covenants at the motion to dismiss stage. *See Laureate Educ., Inc. v. Megahed*, Civ. No. 10-749, 2010 U.S. Dist. LEXIS 65709, at *37 (D. Md. July 1, 2010) ("[T]he Court believes that it is generally more prudent to permit cases to develop a factual record before making judgments as a matter of law concerning claims where the plaintiff has at least pled some factual support.").

9

that the defendant intended to harm that contractual relationship by purposefully interfering with it; (3) that the defendant lacked privilege or justification for its conduct; and (4) that the plaintiff suffered actual damages as a result of the defendant's conduct.[5] *See Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 212 (3d Cir. 2009) (citation omitted). The plaintiff must also allege that the defendant's interference was "improper." *Acclaim Sys. v. Infosys, Ltd.*, Civ. No. 13-7336, 2015 U.S. Dist. LEXIS 90937, at *11 (E.D. Pa. July 14, 2015) (citing Restatement (Second) of Torts § 767).

1. *Aerotek Pleaded that Beacon Hill Intentionally and Improperly Interfered with its Contract*

Beacon Hill argues that Aerotek failed to claim that Beacon Hill acted with intent to harm Aerotek by interfering with the employment agreement or that it acted "improperly." However, even a quick review of Aerotek's complaint proves otherwise. Aerotek alleges that when Ms. Obercian joined Aerotek, she signed an employment agreement containing a non-compete provision. *See* Complaint at ¶¶ 22–25. Aerotek further alleges that Beacon Hill knew about this restriction because Ms. Obercian provided her future immediate supervisor a copy of the employment agreement before Beacon Hill offered her the job. *Id.* at ¶¶ 30–32. Indeed, Aerotek alleges that Beacon Hill promised to pay for Ms. Obercian's legal expenses should Aerotek seek

---

[5] Both parties appear to assume that Pennsylvania law will apply to Aerotek's tortious interference with contract claim. Neither party has addressed whether Maryland law (which governs the employment contract at issue in this case) should apply. The Court concludes that, at this stage, there is no conflict between Pennsylvania and Maryland law on this point, and analysis under either jurisdiction's laws would produce the same results. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 249 F. Supp. 2d 703, 710 (D. Md. Mar. 28, 2003) ("The elements of tortious interference with contract under Maryland law are: (1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by the third party; and (5) resulting damages to the plaintiff.") (citing *Fowler v. Printers II, Inc.*, 598 A.2d 794, 802 (Md. App. 1991)). The Court does wish, however, to alert the parties to the potential for a choice-of-law issue.

to enforce the employment agreement. *Id.* at ¶ 35. In short, Aerotek alleges that Beacon Hill knew of Ms. Obercian's obligations but hired her anyway.

"Purposeful action intended to harm an existing contract can exist where the 'actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action." *Odyssey Waste Services., LLC v. BFI Waste Sys. Of Northamerica, Inc.*, Civ. No. 05-1929, 2005 U.S. Dist. LEXIS 28682, at *15 (E.D. Pa. Nov. 18, 2005) (quoting Restatement (Second) of Torts § 766, cmt. i). In a similar case, this Court held that a plaintiff's allegations that it had valid non-compete agreements with a group of employees, and that the defendant, aware of these agreements, acted to cause the employees to breach their agreements in order to work for the defendant, satisfied the elements of tortious interference at the motion to dismiss stage. *See Acclaim Sys.*, 2015 U.S. Dist. LEXIS 90937, at *12. In *Acclaim Sys.*, this Court also held that based on those alleged facts, the "plaintiff plausibly alleged that [the defendant] acted improperly."[6] *Id*.

For the same reasons, Beacon Hill's arguments fail here at this time. Like the enforceability of the non-compete provision, whether Beacon Hill intentionally interfered with the employment agreement and did so improperly can be tested on a fuller record at a later stage in the proceeding.

---

[6] The factors a court must consider when determining whether a defendant's conduct was "improper" include: (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties." *Acclaim Sys.*, 2015 U.S. Dist. LEXIS 90937, at *11 (citing Restatement (Second) of Torts § 767).

2. *Aerotek Makes a Claim for Actual Damages*

Beacon Hill next argues that Aerotek failed to make a claim for actual damages caused by its alleged interference. But Aerotek's complaint does indeed include such claims. Aerotek alleges that—as a result of Beacon Hill's interference—Ms. Obercian competed with Aerotek while working for Beacon Hill, solicited Aerotek's clients, and filled at least two staffing vacancies with those clients, causing Aerotek to suffer damages, including the loss of business and revenue. *See* Complaint at ¶¶ 41–44; 60. Aerotek also seeks to recover the attorneys' fees it has incurred in the Maryland litigation against Ms. Obercian. *Id.* at ¶ 60.

Beacon Hill persists to argue that Aerotek's claim for loss of business and revenue is insufficient because Aerotek does not claim that it had an exclusive arrangement with the allegedly poached clients. However, research reveals no cases enforcing such a requirement at the motion to dismiss stage.[7] Beacon Hill also argues that Aerotek did not allege facts explaining why it would have received the business if its former clients had not hired the candidates found by Beacon Hill. Beacon Hill sets too high a pleading standard on this point. Of course, if Beacon Hill wants to challenge Aerotek's alleged loss of revenue at a later stage in the proceeding, it is welcome to do so. But at this time, the Court concludes that Aerotek's current allegations of lost business and revenue are enough to satisfy the pleading requirements. *See Acclaim*, 2015 U.S. Dist. LEXIS

---

[7]  Beacon Hill cites two cases: *KForce, Inc. v. Beacon Hill Staffing Group, LLC*, Civ. No. 14-1880, 2015 U.S. Dist. LEXIS 1861, at * 4–5 (E.D. Mo. 2015); *Instant Technology, LLC v. DeFazio*, 40 F. Supp. 3d 989, 1003–04 (N.D. Ill. 2014). These cases do not address the issues presented here because both cases were decided after the development of a factual record and neither case suggests that a tortious interference plaintiff needs to plead that a poached client was exclusive in order to satisfy the damages element at the motion to dismiss stage.

90937, at *9 (recognizing that allegations of lost revenue satisfy the damages element of a tortious interference claim at the motion to dismiss stage).[8]

### III. This Case Will Be Stayed Pending Resolution of the District of Maryland Litigation

Finally, Beacon Hill argues that this case should be stayed pending the resolution of the District of Maryland litigation. Aerotek "does not oppose" such a stay. For the reasons discussed below, the Court will stay this case until the Maryland litigation is resolved.

As a general principle, "duplicative litigation in the federal court system is to be avoided." *Remington Rand Corp.-Delaware v. Business Systems Inc.*, 830 F.2d 1274, 1276 (3d Cir. 1987) (citation omitted). Therefore, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Chartener v. Provident Mut. Life Ins. Co.*, Civ No. 02-8045, 2003 U.S. Dist. LEXIS 19500, at *3 (E.D. Pa. Oct. 22, 2003) (citation omitted). In determining whether to grant a stay pending resolution of another federal case, courts weigh: "(1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the

---

[8] Beacon Hill also argues that the attorneys' fees incurred by Aerotek in the District of Maryland litigation cannot be recovered in this case, because—under the so-called "American Rule"—"there can be no recovery of attorneys' fees from an adverse party, absent express statutory authorization, a clear agreement of the parties, or some other established exception." *De Lage Landen Fin. Servs., Inc. v. Rozentsvit*, 939 A.2d 915, 923 (Pa. Super. Ct. 2007) (citation omitted). In response, Aerotek argues that it is entitled to these attorneys' fees pursuant to the "third-party litigation exception," under which "[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." Restatement (Second) of Torts § 914(2). In light of the Court's conclusion that Aerotek sufficiently pleaded damages stemming from its loss of business and revenue, a decision as to the applicability of the third-party litigation exception is unnecessary at this time. The attorneys' fees issue can be addressed at a later stage in the proceeding, if necessary. *See Johnson Controls, Inc. v. Wachovia Bank, NA*, Civ. No. 10-7253, 2011 U.S. Dist. LEXIS 119426, at *16 n. 3 (E.D. Pa. Oct. 17, 2011) (deferring a ruling on whether the plaintiff appropriately invoked the third-party litigation exception because the Court's assessment of the issue was unnecessary at the motion to dismiss stage).

length of the requested stay." *SmithKline Beecham Corp. v. Apotex Corp.*, Civ. No. 99-4304, 2004 U.S. Dist. LEXIS 13907, at *23–24 (E.D. Pa. July 16, 2004) (citing *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983)).

This case hinges on issues that are already being litigated in the District of Maryland case—such as the validity of the non-compete provision and whether Ms. Obercian breached the employment agreement. If these issues are decided against Aerotek, Aerotek may be precluded from litigating them again here. Moreover, Aerotek has not objected to the stay. Thus, no one can argue that it will be harmed by any delay. And, finally, this stay will not last forever. It will last only as long as the District of Maryland litigation—which is already past the summary judgment stage—remains extant. *See Aerotek, Inc. v. Obercian*, Civ. No. 17-926 (D. Md.). For these reasons, the Court will stay this case pending the resolution of the Maryland suit.

## CONCLUSION

For the foregoing reasons, Beacon Hill's motion to dismiss is granted in part and denied in part. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE